# NechelesLaw, LLP

1120 Avenue of the Americas
New York, NY 10036

Gedalia M. Stern
gstern@necheleslaw.com
212-997-7400

## MEMO ENDORSED

January 15, 2025

**Via ECF**
Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

| The application is ___ granted |
|---|
| ✓ denied |
| _____ |
| Edgardo Ramos, U.S.D.J |
| Dated: __1/15/2026__ |
| New York, New York |

Re: *U.S. v. Epperson, et al*, 25 Cr. 496 (ER)

Dear Judge Ramos:

We represent Eddie Barreto. We write to respectfully request, pursuant to 18 U.S.C. §3142(i)(4), for Mr. Barreto's "temporary release" to attend the viewing for his recently deceased grandmother.

Mr. Barreto was arrested in late October and charged with a conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §846. After the Hon. Barbara Moses (U.S.M.J.) ordered him released, the government appealed and this Court ordered him detained pending trial. He has been detained without incident at MDC since that time.

As Your Honor is aware, Mr. Barrato is 22 years old and was born and grew up in New York City. Beginning as a teenager, after Mr. Barrato witnessed his father suffer a debilitating stroke, Mr. Barrato began abusing drugs. He overdosed for the first time, requiring hospitalization, when he was eighteen. In 2022, Mr. Barrato's father died, and Mr. Barrato overdosed again, this time more severely. As a result of his second overdose, he suffered two strokes and was placed into a medically induced coma and remained in the hospital for one month. Following the 2022 overdose, Mr. Barrato voluntarily admitted himself to a 20-day inpatient program at Mount Sinai, which he completed. Subsequently, in June 2024, Mr. Barrato entered another 28-day inpatient program, which he also successfully completed. He was then referred to, and accepted into, the Dynamite Youth Center Rehabilitation Facility in Fallsburg, New York. Until his arrest, Mr. Barrato was at Dynamite for 16 months, where he had worked hard, and successfully, at his recovery. He is committed to his sobriety and to turning his life around. He has obviously made serious mistakes in his life, but he is, now, a good young man.

Over the weekend, Mr. Barreto's paternal grandmother, Socorro Barreto, passed away. Her viewing is scheduled for January 20th, in the Bronx, and her funeral will be the next day. Mr. Barreto was close to his grandmother and would like to be able to participate in at least some part

NechelesLaw, LLP

of her funeral. We therefore respectfully request that the Court allow Mr. Barreto's "temporary release" to attend his grandmother's viewing.[1]

The Bail Reform Act provides that a court may "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). We respectfully submit that releasing Mr. Barreto for around 8 hours, to attend the viewing of his grandmother, is such a "compelling reason." *See e.g., United States v. Arrington*, 661 F. Supp. 3d 33, 48 (W.D.N.Y. 2023) (describing, in the case of a detained defendant's whose father had died, the "Court's offer to explore release into the custody of the United States Marshals Service" to "not only pay his last respects to his father, but also to assist his stepmother with various tasks related to his father's passing."); *cf. United States v. Chambers*, 2020 U.S. Dist. LEXIS 56674, *2-3 (S.D.N.Y. 2020) ("There is no dispute that the Court has authority to grant [the detained defendant] temporary release pursuant to Section 3142(i)"). Notably, Mr. Barreto is asking to be released only for a few hours, "does not propose to remain out of prison overnight." *United States v. Kenney*, 2009 U.S. Dist. LEXIS 121233, *6 (D. Me. 2009) (granting temporary release under § 3142(i) to attend a grandmother's funeral), and will not leave New York City, as the viewing will be held in the Bronx. *See id.* (noting "that the wake and funeral will take place within a relatively short distance from the jail in which Ms. Kenney has been incarcerated" and "that it will not be necessary to cross or be near state or national lines to attend the funeral services").

Section 3142(i) allows the Court to temporary release Mr. Barreto into either the custody of the "of a United States marshal," or "another appropriate person," such as a family member. *United States v. Stephens*, 447 F. Supp. 3d 63, 67 (S.D.N.Y. 2020). Mr. Barreto would be fine with either option, as both Mr. Barreto's mother, Jacqueline, and sister, Christina, are willing to be that person. *See, e.g., Kenney*, 2009 U.S. Dist. LEXIS 121233, *6 (noting "that her mother and brother have offered to act as her custodian during the period of release").

I have spoken to the government and they oppose this request.

For these reasons, we respectfully request that the Court order Mr. Barreto's temporary release on January 20th, from 2 pm to 10 pm, to attend his grandmother's viewing.

Respectfully submitted,

/s/

Gedalia Stern

cc: AUSA Matthew King (via ECF)
    AUSA Dana McCann (via ECF)
    AUSA William Kinder (via ECF)

---

[1] Recognizing the seriousness of this request, Mr. Barreto has chosen to ask to attend only the viewing, not both the viewing and funeral.